Michael P. Pappas, Esq. (MP 6716)
MICHAEL P. PAPPAS LAW FIRM, P.C.
3 Columbus Circle, 15th Floor
New York, New York 10019
(646) 770-7890 (phone)
(646) 417-6688 (fax)

*Attorneys for Named Plaintiff, proposed FLSA*
*Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK

———————————————————————

ANA SHABA, on behalf of herself and all others similarly situated,

Plaintiffs,

-against-

MILO CAFÉ CORP. (d/b/a TRU CAFÉ or TRU WINE BAR), LOUIS LOIZOU, and MICHAEL MILTIADOU,

Defendants.

———————————————————————

Case No.

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff Ana Shaba, on behalf of herself and all others similarly situated, alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York Labor Law ("NYLL") claims under 28 U.S.C. § 1367 because they are so related to the claims in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein took place in this District.

## THE PARTIES

3.     Defendant Milo Café Corp. is a New York corporation that operates Tru Café (also known as Tru Wine Bar), located at 35-19 Ditmars Blvd., Astoria, New York 11105. Milo Café Corp. is referred to hereinafter as "Tru Café".

4.     Upon information and belief, Tru Café has an annual gross volume of sales in excess of $500,000 and is engaged in interstate commerce.

5.     True Café employs more than 11 persons within the City of New York.

6.     Defendant Louis Loizou is an owner, shareholder, and operator of Tru Café. Mr. Loizou exercises sufficient control over Tru Café's day-to-day operations to be considered an employer of Plaintiff and those similarly situated. Among other things, Mr. Loizou had the power to hire and fire employees, supervised and controlled employees' daily activities, determined the rate and method of payment of employees' wages, and had responsibility for maintaining employment records.

7.     Defendant Michael Miltiadou is an owner, shareholder, and operator of Tru Café. Mr. Miltiadou exercises sufficient control over Tru Café's day-to-day operations to be considered an employer of Plaintiff and those similarly situated. Among other things, Ms. Miltiadou had the power to hire and fire employees, supervised and controlled employees' daily activities, determined the rate and method of payment of employees' wages, and had responsibility for maintaining employment records.

8.     All Defendants are hereinafter referred to collectively as "Defendants".

9.      Plaintiff Ana Shaba is an adult female individual who resides in the State and City of New York. Shaba was employed by Defendants as a bartender/barista from approximately May 2019 to August 2019. Shaba worked six days a week and an average of 40-50 hours per week. Shaba is hereinafter referred to as "Named Plaintiff".

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.      The Named Plaintiff brings the First through Third Claims for Relief as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in Server, Bartender, Barista, and other front-of-the-house tipped positions at any time on or after the date that is three years before the date this action was filed ("FLSA Collective Plaintiffs").

11.      At all relevant times, the Named Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines, and rules, willfully failing and refusing to pay them at the legally-required minimum wage for all hours worked and 1.5 times this rate for work in excess of forty hours per work week, and unlawfully retaining a portion of their tips. The claims of the Named Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs

12.      The First through Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available

from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NYLL

13.     The Named Plaintiff brings the Fourth through Twelfth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 23, on behalf of all non-exempt persons employed in Server, Bartender, Barista, and other front-of-the-house tipped positions by Defendants at any time on or after the date that is six years before the date this action was filed (the "Class Period").

14.     All said persons, including the Named Plaintiff, are referred to herein as the "Class". The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The work schedules, positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, the Class members' names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed.R.Civ.P. 23.

15.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

16.     The Named Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class members were

subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failure to pay overtime compensation, illegal retention of tips, failure to provide wage notices, failure to provide spread-of-hours pay, failure to provide uniform allowances, excessive credit card fees deducted from tips, excessive meal credit deductions, and unlawful automatic deductions for breaks not taken. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. The Named Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

17.     The Named Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. The Named Plaintiff is represented by an attorney who is experienced and competent in both class action litigation and employment litigation, and has previously represented parties in collective/class wage and hour cases.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burdens of individual litigation would make it extremely

difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.     Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint with a degree of anonymity that allows for the vindication of their rights while eliminating or reducing these risks.

20.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members, including:

     a.     Whether Defendants employed the Named Plaintiff and the Class within the meaning of New York law;

b.  Whether Defendants paid the Named Plaintiff and the Class members the minimum wage for all hours worked;

c.  What are and were the policies, programs, procedures, protocols and plans of Defendants regarding payment for the type of work that the Named Plaintiff and the Class members performed;

d.  At what common rate, or rates subject to methods of calculation, was and is Defendants required to pay the Named Plaintiff and the Class members for their work;

e.  Whether Defendants properly compensated the Named Plaintiff and the Class members for overtime;

f.  Whether Defendants illegally retained portions of the Named Plaintiff's and Class members' tips;

g.  Whether Defendants provided the Named Plaintiff and the Class members with legally-required wage notices;

h.  Whether Defendants provided the Named Plaintiff and the Class Members with legally-required spread-of-hours pay for working shifts in excess of 10 hours;

i.  Whether Defendants provided the Named Plaintiff and the Class Members with legally-required uniform allowances;

j.  Whether Defendants deducted excessive credit card fees from the Named Plaintiff's and the Class members' wages;

k.  Whether Defendants deducted excessive meal credits from the Named Plaintiff's and the Class members' wages; and

l.     Whether Defendants automatically deducted too much break time from the hours that the Named Plaintiff and Class members worked, even though they did not take breaks at all or took breaks substantially less than the time that was deducted.

21.    The Named Plaintiff, FLSA Collective Plaintiffs, and Class members are referred to collectively hereinafter as "Plaintiffs".

## FACTS

22.    The Named Plaintiff's consent to sue form is attached hereto as Exhibit A.

23.    Defendants committed the following alleged acts knowingly, intentionally, and willfully.

24.    Defendants knew that (i) nonpayment or underpayment of minimum wage, (ii) nonpayment or underpayment of overtime, (iii) improperly retaining a portion of the tips belonging to Plaintiffs, (iv) failing to provide Plaintiffs with legally-required wage notices, (v) failing to provide Plaintiffs with spread-of-hours pay; (vi) automatically deducting break time from Plaintiffs' pay, even though Plaintiffs did not actually take such breaks, (vii) deducting excessive credit card fees from Plaintiffs' tips; (viii) deducting an excessive amount for meal allowances from the wages of Plaintiffs, and (ix) failure to provide Plaintiffs with uniform allowances, would economically injure Plaintiffs.

### Failure to Pay Minimum Wage

25.    Defendants unlawfully paid Plaintiffs at a rate that was and is below the federal and state minimum wage.

26.     From the beginning of the limitations period(s) to the present, Defendants paid servers, bartenders, baristas, and other front-of-the-house tipped employees an hourly rate that was below the legally-required minimum wage.

27.     Defendants unlawfully deducted 100% of the tips received by Plaintiffs from Plaintiffs' hourly wages. Defendants thereby deducted more than the maximum tip credit permitted under the FLSA and NYLL from Plaintiffs' cash wages. For purposes of illustration, if a tipped employee earned $500 in hourly wages and $450 in tips during a pay period, Defendants would deduct 100% of the employee's tips from the employee's hourly wages and pay the employee hourly cash wages of only $50. Thus, if the employee had worked 40 hours, the employee received an effective hourly wage of only $1.25/hour.

28.     Named Plaintiff Shaba was subjected to the above unlawful wage practices. At all relevant times, Defendants would deduct 100% of Shaba's tips from her hourly wage, resulting in an effective hourly rate well below even the tipped minimum wage. In some weeks, Defendants paid Shaba total cash hourly wages of less than $25 for 40-50 hours of work. Shaba is aware that Defendants employed the same policy and practice with servers and other tipped workers.

29.     Even on those occasions (if any) when Defendants paid Plaintiffs hourly wages that were sufficient to satisfy the hourly tipped minimum wage rate, Defendants still underpaid Plaintiffs because Defendants, by taking an excessive tip credit and otherwise failing to comply with minimum wage requirements, were not legally entitled to the benefit of the tipped minimum wage rate and were required to pay Plaintiffs at the full, non-tipped minimum wage rate.

30.     Plaintiffs were never notified by Defendants that Defendants were taking a tip credit against their wages, and, even if they were notified, Defendants were not entitled to take the tip credit because (i) they paid Plaintiffs below even the tipped minimum wage, and (ii) any tip credit taken would have exceeded the maximum tip credit allowed by law.

31.     Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

### Failure to Pay Overtime

32.     Defendants did not pay Plaintiffs overtime at the rate of 1.5 times their regular hourly rate for hours worked in excess of 40 per work week.

33.     Plaintiffs frequently worked in excess of 40 hours per work week.

34.     Defendants unlawfully deducted 100% of the tips received by Plaintiffs from Plaintiffs' hourly wages. Defendants thereby deducted more than the maximum tip credit permitted under the FLSA and NYLL from Plaintiffs' cash wages. For purposes of illustration, if a tipped employee earned $500 in hourly wages and $450 in tips during a pay period, Defendants would deduct 100% of the employee's tips from the employee's hourly wages and pay the employee hourly cash wages of only $50. Thus, if the employee worked overtime, the employee received an effective hourly overtime wage of well below 1.5 times the lawful minimum wage.

35.     Named Plaintiff Shaba was subjected to the above unlawful wage practices. At all relevant times, Defendants would deduct 100% of Shaba's tips from her hourly wage, resulting in an effective hourly overtime rate well below 1.5 time the lawful minimum wage. In some weeks, Defendants paid Shaba total cash hourly wages of less than $25 for

40-50 hours of work. Shaba is aware that Defendants employed the same policy and practice with servers and other tipped workers.

36. Even on those occasions (if any) when Defendants paid Plaintiffs overtime wages that were 1.5 times the lawful minimum wage rate minus the tip credit, Defendants still underpaid Plaintiffs because Defendants, by taking an excessive tip credit and otherwise failing to comply with minimum wage requirements, were not legally entitled to the benefit of a tip credit and were required to pay Plaintiffs overtime of 1.5 times the full, non-tipped minimum wage rate.

37. Plaintiffs were never notified by Defendants that Defendants were taking a tip credit against their overtime wages, and, even if they were notified, Defendants were not entitled to take the tip credit because (i) they paid Plaintiffs below even the tipped minimum wage, and (ii) any tip credit taken would have exceeded the maximum tip credit allowed by law.

38. Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

## **Improper Retention of Tips**

39. Defendants unlawfully retained a portion of the tips that Plaintiff earned and used them to pay Plaintiffs' cash hourly wages that Defendants were responsible for paying.

40. Specifically, Defendants unlawfully deducted 100% of the tips received by Plaintiffs from Plaintiffs' hourly wages. Defendants thereby deducted more than the maximum tip credit permitted under the FLSA and NYLL from Plaintiffs' cash wages. For purposes of illustration, if a tipped employee earned $500 in hourly wages and $450 in tips

during a pay period, Defendants would deduct 100% of the employee's tips from the employee's hourly wages and pay the employee hourly cash wages of only $50.

41.     By their above actions, Defendants effectively confiscated 100% of Plaintiffs' tips that exceeded the maximum tip credit allowance, and unlawfully used those tips to pay Plaintiffs' hourly cash wages.

42.     Named Plaintiff Shaba was subjected to the above unlawful wage practices. At all relevant times, Defendants would deduct 100% of Shaba's tips from her hourly wage, resulting in the unlawful retention and use of her tips by Defendants to pay her hourly cash wages. Shaba is aware that Defendants employed the same policy and practice with servers and other tipped workers.

43.     Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

### Improper Auto-Deduction For Breaks

44.     At all relevant times, Defendants automatically deducted approximately one hour per day from the time worked by Plaintiffs to account for breaks.

45.     Defendants automatically deducted the one hour regardless of whether employees actually took a one-hour break or any break at all.

46.     In fact, Defendants' employees, including Plaintiffs, were almost never able to take breaks during the work day, and any breaks taken were far less than one hour.

47.     As a result, Defendants unlawfully failed to pay Plaintiffs for all hours they actually worked.

48.     Named Plaintiff Shaba was subjected to the above unlawful wage practices. At all relevant times, Defendants would automatically deduct one hour for breaks from

Shaba's time worked, even though she almost never took breaks of that length, and frequently was unable to take any breaks at all. Shaba is aware that Defendants employed the same policy and practice with servers and other tipped workers.

49.     Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

### Failure to Provide Wage Notices

50.     At all relevant times, Defendants failed to provide Plaintiffs the wage notices required under Section 195 of the New York Labor Law and the New York Hospitality Wage Order, 12 N.Y.C.R.R. § 146-2.2.

51.     Specifically, Plaintiffs (including the Named Plaintiff) were not provided with "written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday."

52.     Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

### Excessive Meal Credits

53.     At all relevant times, Defendants automatically deducted $25 per week from the wages of Plaintiffs (including the Named Plaintiff) as a purported meal credit.

54.     Defendants deducted said meal credits regardless of whether employees actually consumed a meal provided by Defendants.

55.     Furthermore, the $25 weekly meal credit was in excess of the maximum meal credit allowed under the New York Hospitality Wage Order, 12 N.Y.C.R.R. § 146-1.9.

56.     In addition, the meals offered by Defendants did not satisfy the requirements of New York law, which provides that meal credits may only be taken if the meal includes at least one type of food from all of the following food groups: (i) fruits or vegetables; (ii) grains or potatoes; (iii) eggs, meat, fish, poultry, dairy or legumes; and (iv) tea, coffee, milk or juice. 12 N.Y.C.R.R. § 146-3.7.

57.     Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

### Excessive Credit Card Fees Deducted From Tips

58.     At all relevant times, Defendants deducted and retained 10% from Plaintiffs' (including the Named Plaintiff's) credit card tips as a purported "credit card fee".

59.     Defendants deducted the 10% credit card fee from Plaintiffs' tips even though Defendants paid far less than a 10% fee to the credit card companies. Accordingly, Defendants unlawfully made excessive deductions for credit card fees and wrongfully retained a portion of Plaintiffs' tips in violation of 12 N.Y.C.R.R. § 146-2.20.

60.     Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

### Failure to Provide Uniform Allowances

61.     At all relevant times, Plaintiffs (including the Named Plaintiff) were required to wear work uniforms which consisted of a logo'd shirt and logo'd apron.

62.     The logo'd clothing items were not "wash and wear," and could not be worn as part of Plaintiffs' regular wardrobe.

63.     Defendants did not clean the uniforms for Plaintiffs, nor did they reimburse Plaintiffs for their cost of cleaning the uniforms.

64.     Each of the Plaintiffs (including the Named Plaintiffs) worked more than 30 hours per week.

65.     Under the circumstances, the NYLL required Defendants to provide Plaintiffs with a weekly uniform maintenance allowance in accordance with the rates set forth in 12 N.Y.C.R.R. § 146-1.7.

66.     Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

**<u>Spread-of-Hours Pay</u>**

67.     The New York State Hospitality Wage Order requires restaurant employers to pay employees one additional hour of pay at the applicable minimum wage rate for each day they work a shift that lasts more than 10 hours from beginning to end (including meal breaks). *See* 12 N.Y.C.R.R. § 146-1.6.

68.     Plaintiffs (including the Named Plaintiff) frequently worked shifts exceeding 10 hours. Therefore, Defendants were required to provide Plaintiffs with one hour of spread-of-hours pay at the applicable minimum wage rate for each of the approximately days in which Plaintiffs worked a shift exceeding 10 hours.

69.     Defendants knowingly and willfully failed to provide Plaintiffs (including the Named Plaintiff) with the required spread-of-hours pay on any of those occasions.

70.     Upon information and belief, Defendants have employed the above unlawful wage practices since Tru Café opened in 2014.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Claims Brought By Named Plaintiff on
### Behalf of Herself and the FLSA Collective Plaintiffs)

71.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

72.     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

73.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

74.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Claims Brought By Named Plaintiff on
### Behalf of Herself and the FLSA Collective Plaintiffs)

75.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

76.     Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty hours per work week.

77.     At all relevant times, Defendants have operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and

rules, of willfully failing and refusing to pay Plaintiffs at 1.5 times the lawful minimum wage for all work in excess of forty hours per work week, even though Plaintiffs have been and are entitled to such overtime pay.

78.     At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs at the required overtime rate, 1.5 times the federal minimum wage for hours worked in excess of forty per work week.

79.     Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (FLSA Unlawful Tip Retention Claims Brought By Named Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

80.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

81.     Throughout the statute of limitations period covered by these claims, Defendants unlawfully retained a portion of the tips left by guests for Plaintiffs by using those tips to pay Plaintiffs' hourly cash wages for which Defendants were responsible, in excess of the maximum tip credit allowed by law.

82.     By improperly retaining tips, Defendants wrongfully deprived Plaintiffs of tips that were rightfully theirs, in violation of the FLSA.

83.     Plaintiffs seek damages in the amount of their respective improperly retained tips, liquidated (double) damages as provided by the FLSA for tipping violations,

attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(New York State Minimum Wage Claims Brought By
Named Plaintiff on Behalf of Herself and the Class)**

84.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

85.     Throughout the statute of limitations period covered by these claims, Defendants knowingly paid Plaintiffs less than the New York State Minimum Wage under NYLL § 652 and the New York Hospitality Wage Order, 12 N.Y.C.R.R. § 146-1.2.

86.     Defendants did not pay Plaintiffs at least the lawful minimum wage for all hours worked.

87.     Defendants' failure to pay Plaintiffs the lawful minimum wage was willful within the meaning of NYLL § 663.

88.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their respective unpaid compensation, liquidated (double) damages as provided by the NYLL for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(New York State Overtime Claims Brought By
Named Plaintiff on Behalf of Herself and the Class)**

89.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

90.     Throughout the statute of limitations period covered by these claims, Plaintiffs frequently worked in excess of forty (40) hours per work week.

91.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any work week. (*See, e.g.*, 12 N.Y.C.R.R. § 146-1.4.)

92.     At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs at the required overtime rates, 1.5 the lawful minimum wage for hours worked in excess of forty (40) per work week.

93.     Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

94.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their respective unpaid overtime compensation, liquidated (double) damages as provided by the NYLL for overtime wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### (New York State Unlawful Tip Retention Claims Brought By Named Plaintiff on Behalf of Herself and the Class)

95.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

96.     Throughout the statute of limitations period covered by these claims, Defendants unlawfully retained a portion of the tips left by guests for Plaintiffs by using those tips to pay Plaintiffs' hourly cash wages for which Defendants were responsible, in excess of the maximum tip credit allowed by law.

97.     By improperly retaining tips, Defendants wrongfully deprived Plaintiffs of tips that were rightfully theirs, in violation of § 196-d of the NYLL.

98.     Defendants' improper retention of tips was willful within the meaning of NYLL § 663.

99.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their respective improperly retained tips, liquidated (double) damages as provided by the NYLL for tipping violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**(New York State Unlawful Meal Credit Claim Brought By**
**Named Plaintiff on Behalf of Herself and the Class)**

100.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

101.     Throughout the statute of limitations period covered by these claims, Defendants automatically deducted $25.00 per week from the wages of Plaintiffs as a meal credit, even if Plaintiffs did not actually consume a meal provided by Defendants, even though the meals offered did not satisfy the nutritional requirements stated in the New York Hospitality Wage Order as a prerequisite for taking a meal credit, and even though the maximum allowable meal credit was less than the amount taken by Defendants. *See* 12 N.Y.C.R.R. §§ 146-1.9, 146-3.7.

102.     Defendants' unlawful and excessive meal credit deductions were willful within the meaning of NYLL § 663.

103.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their respective improper meal credit deductions, liquidated (double) damages as provided by the NYLL for unlawful wage deductions, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### EIGHTH CLAIM FOR RELIEF
**(New York State Unlawful Automatic Break Deduction Claim
Brought By Named Plaintiff on Behalf of Herself and the Class)**

104.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

105.     Throughout the statute of limitations period covered by these claims, Defendants automatically deducted approximately one hour per shift from the wages of Plaintiffs as a meal break, regardless of whether Plaintiffs actually took a break of that length, and even when Plaintiffs took no break at all.

106.     Plaintiffs were frequently unable to take breaks during their shift, and when they did have a break it was far less than one hour. Therefore, Defendants were not permitted to automatically deduct one hour per shift from Plaintiffs' pay, and wrongfully deprived them of wages for time actually worked, in violation of the NYLL and supporting regulations of the New York Department of Labor.

107.     Defendants' unlawful automatic break deductions were willful within the meaning of NYLL § 663.

108.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their respective wrongfully withheld wages, liquidated (double) damages as provided by the NYLL for unpaid wage claims, attorneys' fees and costs, pre-

21

and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF
### (New York State Wage Notice Claim Brought By Named Plaintiff on Behalf of Herself and the Class)

109.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

110.    Throughout the statute of limitations period covered by these claims, Defendants failed to provide Plaintiffs with wage notices required pursuant to NYLL § 195 and the New York State Hospitality Wage Order, 12 N.Y.C.R.R. § 146-2.2.

111.    As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants a penalty of $50 per day for each violation, not to exceed $5,000 per employee, under NYLL § 198(1-b).

## TENTH CLAIM FOR RELIEF
### (New York State Unlawful Credit Card Fee Deduction Claim Brought By Named Plaintiff on Behalf of Herself and the Class)

112.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

113.    Throughout the statute of limitations period covered by these claims, Defendants automatically deducted 10% from Plaintiffs' credit card tips as a purported credit card fee, even though the amount of the deduction exceeded the credit card fees actually paid by Defendants, in violation of the requirements of the New York Hospitality Wage Order. *See* 12 N.Y.C.R.R.  § 146-2.20.

114.    Defendants' unlawful and excessive meal credit deductions were willful within the meaning of NYLL § 663.

115.    As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their respective improper credit card fee deductions, liquidated (double) damages as provided by the NYLL for unlawful wage deductions, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### ELEVENTH CLAIM FOR RELIEF
**(New York State Uniform Allowance Claim Brought By
Named Plaintiff on Behalf of Herself and the Class)**

116.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

117.    At all relevant times throughout the statute of limitations period covered by these claims, Plaintiffs were required to wear work uniforms which consisted, *inter alia*, of a logo'd shirt and apron. Defendants required the uniforms to be neat and wrinkle-free.

118.    The logo'd clothing items were not wash and wear, and could not be worn as part of an employee's regular wardrobe.

119.    Defendants did not clean the uniforms for Plaintiffs, nor did they reimburse Plaintiffs for their cost of cleaning the uniforms.

120.    Each of the Plaintiffs worked more than 30 hours per week.

121.    Under the circumstances, the NYLL and its accompanying regulations required Defendants to provide Plaintiffs with a weekly uniform maintenance allowance in accordance with the rates set forth in 12 N.Y.C.R.R. § 146-1.7.

122.    Defendants did not provide Plaintiffs with any uniform maintenance allowance at all, and thereby violated the NYLL.

123.    The aforesaid conduct of Defendants was knowing, intentional, and willful.

124.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid uniform maintenance allowance, liquidated (double) damages as provided by the NYLL, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### TWELFTH CLAIM FOR RELIEF
### (New York State Spread-of-Hours Pay Claim Brought By
### Named Plaintiff on Behalf of Herself and the Class)

125.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

126.     During the statute of limitations period covered by these claims, Plaintiffs frequently worked shifts exceeding 10 hours.

127.     At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiffs the required spread-of-hours pay of one hour at the New York State minimum wage, for each day they worked a shift exceeding 10 hours.

128.     Plaintiffs are thereby entitled to damages in the amount of their unpaid spread-of-hours pay, liquidated (double) damages as provided by the NYLL for spread-of-hours pay violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this

action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b).

B.      Designation of Named Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.      Designation of this action as a class action pursuant to Fed.R.Civ.P. 23;

D.      Designation of Named Plaintiff as Representative of the Class;

E.      An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663, and other applicable statutes;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further relief as the Court may deem just, equitable, and proper.

Dated:  September 5, 2019

MICHAEL P. PAPPAS LAW FIRM, P.C.

By:     s/Michael P. Pappas
        Michael P. Pappas, Esq. (MP 6716)
        3 Columbus Circle, 15th Floor
        New York, New York 10019
        T: (646) 770-7890
        F: (646) 417-6688

        *Attorneys for Named Plaintiffs, proposed*
        *FLSA Collective Plaintiffs, and proposed*
        *Class*